SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
Dolly K. Hansen (SBN 254826)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile:  (310) 826-4711
jim@spertuslaw.com
dolly@spertuslaw.com

*Attorneys for Defendants Gerald Wiener and Finance California*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD., Incorporated in England, <br><br> Plaintiff, <br><br> v. <br><br> GERALD WIENER aka GERALD H. WIENER, an individual; FINANCE CALIFORNIA, a corporation <br><br> Defendants. | Case No. 3:17-cv-01125-BTM-KSC <br><br> Hon. Barry Ted Moskowitz <br><br> **WIENER DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FAC PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> [Filed concurrently with Motion to Dismiss and Declaration of Dolly K. Hansen] <br><br> Date:   November 17, 2017 <br> Time:   11:00 a.m. <br> Judge:  Barry Ted Moskowitz <br> Crtrm:  15B |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Gerald Wiener and Finance California (the "Wiener Defendants") respectfully request that the Court take judicial notice of the following exhibit attached to the concurrently filed Declaration of Dolly K. Hansen ("Hansen Declaration"):

<u>Exhibit A</u>:  A true and correct copy of the complaint, ECF No. 1, in the case entitled *Tattersalls Ltd v. Jeffrey DeHaven*, Case No. 2:11-cv-06311-SJO-JEM, filed in the United States District Court, Central District of California.

In ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310, 127 S. Ct. 2499, 2502, 168 L. Ed. 2d 179 (2007).

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBIT A BECAUSE IT IS A PUBLICLY AVAILABLE COURT RECORD.

Rule 201 of the Federal Rules of Evidence authorizes the Court to take judicial notice of a fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "The court must take judicial notice if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

In this case, the Court should judicially notice Exhibit A to the Hansen Declaration, which is a publicly available record (complaint) from other court proceeding.  Pursuant to Rule 201, courts generally and routinely take judicial notice of publicly available records from other court proceedings.  *See, e.g., Reyn's Pasta Bella, LLC, v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public

1  record."); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136
2  F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings
3  in related action); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.
4  1986) (taking judicial notice of court records in another action); *In re Wet Seal,*
5  *Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) ("In a motion to
6  dismiss, a Court may take judicial notice of documents attached to or referenced
7  in the complaint. . . ." (citation and quotation omitted).

8  In this case, specifically, Exhibit A – Plaintiff's August 2011 complaint
9  against Mr. DeHaven – is relevant because it establishes that the statute of
10 limitations has long since passed for any liability for Mr. Wiener or his company
11 in connection with a letter written "To Whom It May Concern" in October 2010.
12 Indeed, the August 2011 complaint specifically shows that Plaintiff previously
13 filed litigation against the only responsible party under contract with Plaintiff
14 (Mr. Jeffrey DeHaven), and in the lawsuit previously described in detail the
15 October 2010 letter, which has been known to Plaintiff for almost seven years.
16 (Hansen Decl., Ex. A, ¶¶13, 18, 19.)

17 The Court may take judicial notice of Plaintiff's prior complaint in
18 determining when a cause of action accrues to the extent it may show when
19 Plaintiff had knowledge of relevant facts. *Sangster v. Hall*, No. EDCV 15-0873-
20 JAK (AGR), 2016 WL 519543, at *4 (C.D. Cal. Jan. 7, 2016), *report and*
21 *recommendation adopted*, 2016 WL 540748 (C.D. Cal. Feb. 8, 2016)); *Foos v.*
22 *Wells Fargo Home Mortg.*, No. CIV S-10-2201-FCD, 2010 WL 5233014, at *1
23 (E.D. Cal. Dec. 16, 2010), *report and recommendation adopted*, No. CIV S-10-
24 2201-FCD, 2011 WL 127118 (E.D. Cal. Jan. 14, 2011) ("By granting the request
25 for judicial notice, it appears that the statute of limitations has run on Plaintiff's
26 claims."); *Hernandez v. Sutter W. Capital*, No. C 09-03658 CRB, 2010 WL
27 3385046, at *3 (N.D. Cal. Aug. 26, 2010) ("In assessing JPMorgan's statute of
28 limitations arguments the Court has taken judicial notice of certain publicly

recorded documents, copies of which were provided by JPMorgan in a Request for Judicial notice filed with JPMorgan's Motion. This does not convert the Motion to Dismiss into a motion for summary judgment.").

Accordingly, Exhibit A to the Hansen Declaration, which is a publicly available court record from a related action, is properly the subject of judicial notice.

## II. CONCLUSION

For the reasons set forth above, the Wiener Defendants respectfully request that the Court grant judicial notice of Exhibit A attached to the Declaration of Dolly K. Hansen in ruling on the Wiener Defendants' motion to dismiss.

Dated:  October 2, 2017          SPERTUS, LANDES & UMHOFER, LLP

                                 By:      s/ James W. Spertus
                                        James W. Spertus
                                        Dolly K. Hansen
                                        *Attorneys for Defendants Gerald Wiener and Finance California*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2017, I will file a document entitled WIENER DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FAC PURSUANT TO FED. R. CIV. P. 12(B)(6) with the Clerk of the Court using the CM/ECF system, which will send an electronic notification of such filing to Plaintiff's counsel, Diana L. Courteau.  Ms. Courteau's CM/ECF registered email address is: courteau-associates@msn.com.

Dated:  October 2, 2017          SPERTUS, LANDES & UMHOFER, LLP

By:    s/ James W. Spertus
James W. Spertus
*Attorneys for Defendants Gerald Wiener and Finance California*
jim@spertuslaw.com