DIANA L. COURTEAU (CA SBN 113442)
COURTEAU & ASSOCIATES
P.O. Box 2022
El Segundo, CA 60245
Telephone: (310) 376-3482
Facsimile: (310) 376-3482
courteau-associates@msn.com

Attorneys for Plaintiff *TATTERSALLS LTD.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD., Incorporated in England,<br><br>            Plaintiff,<br><br>v.<br><br>GERALD WIENER aka GERALD H. WIENER, an individual; FINANCE CALIFORNIA, INC., a corporation, JEFFREY J. DEHAVEN aka JEFFREY DEHAVEN, JEFF DEHAVEN aka JEFFREY PAPPAS aka THE PREMAE CO. LLC, an individual; THE PREMAE CO. LLC, a corporation, and DOES 1-30,<br><br>            Defendants.<br>_____ | Case No. 3:17-CV-01125-BTM-KSC<br><br>**DECLARATION OF DIANA L. COURTEAU IN SUPPORT OF OPPOSITION TO DEFENDANTS GERALD WIENER AND FINANCE CALIFORNIA AMENDED MOTION TO DISMISS FAC; EXHIBITS NOS. 1-15**<br><br><br>Date:   November 17, 2017<br>Time:  11:00 a.m.<br>Crtrm: 15B<br><br>Honorable Barry Ted Moskowitz |

_____
*DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC*

# DECLARATION OF DIANA L. COURTEAU

I, Diana L. Courteau, declare as follows:

1. I am an attorney at law. I am a 1982 graduate of USC Law School and I am the managing partner at Courteau & Associates, counsel of record for Tattersalls Ltd., in this action. I make this Declaration in support of Opposition to Defendants Gerald Wiener and Finance California Amended Motion to Dismiss FAC. All of the facts stated in this Declaration are based on my personal knowledge and if called to testify concerning any of these facts, I could testify competently.

2. A true and correct copy of the November 15, 2012 (pp. 56-57.) deposition of Gerald Wiener is attached as Exhibit No. 1 which shows the statement to Plaintiff, regarding a relationship with Jeffrey DeHaven/Premae for approximately fifteen years was false. Also attached as Exhibit No. 1 is the "Second Amended and Restated Operating Agreement" produced in 2016 by TIG which shows Gerald Wiener/Finance California obtained shareholder interest in the DeHaven/Premae LLC in February 22, 2010, material fact concealed from Plaintiff.

3. A true and correct copy of the original complaint based on breach of contract, and to recover the horse is attached as Exhibit No. 7. Also attached is the associated document, Central District Docket No. 51 showing original claim for breach of contract and right of possession only. Defendants' statement that this action against Gerald Wiener and Finance California is "almost identical", (MTD p. 8, l. 8.) made in the amended MTD is false. The claims for fraud against Defendants bear no remote resemblance to the action for contract and writ of possession.

4. A true and correct copy of the Central District Court Docket is attached to the FAC as Exhibit 7(a) (the Southern District Court requested splitting the docket on filing) and it reflects Docket No. 83 which shows Plaintiff's judgment following a DeHaven/Premae Appeal could not be amended and entered until June 22, 2015.

5. A true and correct copy of the Central District Court Docket is attached to the FAC

1.

---

*DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC*

1  as Exhibit 7(a) and Docket No. 75 reflects by the time Plaintiff following
2  DeHaven/Premae Appeal could obtain Amended Judgment DeHaven/Premae had
3  filed its Notice of Filing Bankruptcy with Stay, May 20, 2014, Docket No. 75.
4  6. A true and correct copy of evidence which shows or tends to show Gerald Wiener
5  and Finance California active involvement, management and direction of the
6  DeHaven/Premae LLC is attached as Exhibit No. 2. This evidence was discovered
7  in late 2016, early 2017. In 2016 Plaintiff obtained a copy of a Gerald Wiener
8  deposition, date August 7, 2013, arising out of TIG's claim for fraud against
9  DeHaven/Premae and showing Gerald Wiener talked regularly about Wiener's
10 "business world and general transactions" with Jeffrey DeHaven. A true and
11 correct copy of an email from Jeff DeHaven/Premae to Gerald Wiener, dated
12 February 3, 2011 states "The proposed investor that I want you to meet is the
13 principal." A second email, dated February 11, 2011, *from Gerald Wiener* re
14 Premae materials shows materials regarding the PIC Life Insurance (sole asset of
15 Premae) provided by Gerald Wiener within Finance California regarding valuation
16 and other relevant facts. A third email of June 3, 2011 to Gerry [Gerald Wiener]
17 from Omer Ivanir states; "…Jeffrey DeHaven and their respective affiliates to
18 Finance California. *Subject to your acceptance of the offer…*" (this email shows
19 Gerald Wiener had controlling rights in Premae). Another email dated June 26,
20 2011, from Jeffrey DeHaven/Premae to Omer Ivanir states, "Get his cell number
21 form Reid or Gerry [Gerald Wiener]…" Another email, which is a true and correct
22 copy, from Jeff DeHaven, cc. Gerald Wiener, dated October 23, 2010. An email
23 dated October 26, 2010, from Jeff DeHaven to Gerald Wiener shows DeHaven
24 does not make decisions without Gerald Wiener's approval and keeps Gerald
25 Wiener fully informed regarding the sole asset of Premae. A true and correct copy
26 from DeHaven, copy to Gerald Wiener, dated February 8, 2011 shows ongoing
27 communications and involvement between DeHaven and Wiener. Also attached is
28 a June 5, 2011 email from Reid Breitman to Jeff DeHaven referencing a call

2.

DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC

between Breitman and DeHaven which states; "You said Gerry [Gerald Wiener] is going to jail over this." Also attached is a true and correct copy of an email from Jeff DeHaven, copy to Gerald Wiener, showing Gerald Wiener's direct involvement with DeHaven/Premae. A true and correct copy of a February 18, 2010 email from Jeff DeHaven to Ed Schlesier and Richard Doan stating, "Richard and I had Gerry [Gerald Wiener] call you…" These documents are from discovery obtained in late 2016, early 2017, and is a small percentage of evidence recently discovered showing Gerald Wiener's, Finance California's regular involvement, and active direction in the Premae LLC for unlawful activities.

7. A true and correct copy of Plaintiff's Notice to Purchaser requiring a bank reference as a condition precedent to any agreement to sell is attached as Exhibit No. 5 to the FAC.

8. A true and correct copy of the certificate for The Premae Co. LLC showing 5% shareholder interest held by Gerald Wiener/Finance California dated October 25, 2010 is attached as Exhibit No. 3. It is Gerald Wiener who controls the Premae not Jeffrey DeHaven, who was convicted of a federal felony and with no credit.

9. A true and correct copy of Gerald Wiener's deposition dated November 15, 2012 obtained from TIG in 2016 corroborates Gerald Wiener/Finance California shareholder interest in DeHaven/Premae. Exhibit No. 4.

10. A true and correct copy of the deposition of Michael Rosenfeld, taken December 20, 2016, p. 32 shows that the alleged sale of the sole asset of DeHaven/Premae and related documents were provided by Gerald Wiener, as agent for Premae, not Jeff DeHaven; Exhibit No. 5. The deposition of Wiener, November 15, 2012, p. 217, corroborates Wiener acted as agent for Premae.

11. Exhibit No. 6 are true and correct copies of documents which show or tend to show Gerald Wiener/Finance California active involvement in causing "loans" to DeHaven/Premae creating false threat of foreclosure in order to take funds fraudulently from other victims; including TIG, Keith Dienstl, Richard Doan and

3.

*DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC*

others. Keith Dienstl, to this date has not been repaid, and has discussed joining this action.

12. Exhibit No. 8 is a true and correct copy of Judge Taylor's Minute Order in Dienstl v. DeHaven, dated June 12, 2013, produced to Plaintiff by TIG in late 2016, which shows: (1.) "The court finds clear and convincing evidence that defendant is little more than a con-man…" and that "…plaintiff prevails on his *fraud* claim…" (p. 6), (2.) "The court also makes the explicit finding that it considers that Mr. DeHaven, PreMae Company LLC…all to be the *alter-egos* of one another. Said another way, Mr. DeHaven (who acknowledges an FKA, Jeffrey Pappas) *is his entities and his entities are him*. There was absolutely no evidence of Mr. DeHaven observing the corporate formalities that would insulate him from debts of his LLCs. The reverse is true; he used the LLCs as his own private piggy banks, and there was *no separateness whatsoever*." (p. 7), (3.) the order from Judge Taylor also finds that the life insurance pools were used for fraud.

13. A true and correct copy of the debtor examination testimony of Gerald Wiener attained by Plaintiff October 27, 2016, pp. 113-116, 125-128 shows testimony discovered in 2016 which supports or tends to support falsity of the statements to Plaintiff by Gerald Wiener/Finance California. Exhibit No. 9, p. 116, also evidences that material fact concealed by Gerald Wiener/Finance California as to the shareholder interest in DeHaven/Premae at the time Gerald Wiener/Finance California provided Plaintiff the bank reference. Exhibit No. 9, p. 247 shows Gerald Wiener *refused to answer* as to why he did not disclose his shareholder interest in DeHaven/Premae.

14. Exhibit No. 10 are true and correct copies corroborating $1,922,883.31 taken from TIG (who sued DeHaven/Premae for fraud) and documents showing the exact same amount went into the Union Bank account for Gerald Wiener/Finance California wire credit at $1,922,883.31. See, also Exhibit No. 11; showing TIG sued DeHaven/Premae for fraud; in which Wiener was also deposed. I believe that

4.

DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC

the action was partially settled in 2016/2017. See Adverse Action by TIG against DeHaven; case no. 16-90022-CL.

15. I have spoken to witnesses who will testify that DeHaven/Premae took them to the race track to impress them with the ownership of a racehorse from the oldest auction house in England to induce investment in order to defraud them.

16. Exhibit No. 11 are true and correct copies showing that when TIG sued DeHaven/Premae for fraud TIG also deposed Gerald Wiener; including November 15, 2012 and August 7, 2013. Also attached is the face page and the page from the cross-complaint by TIG against The Premae Company, LLC, RJC and Jeffrey DeHaven; case no. 37-2011-00097859-CU-BC-CTL which included a cause of action for fraud produced by TIG to Plaintiff in late 2016.

17. A true and correct copy of the Central District Court Docket, showing Docket Nos. 75, 83 corroborates active efforts by Defendants to thwart and block discovery including through frivolous appeal and its bankruptcy stay. Exhibit No. 12.

18. A true and correct copy of the bankruptcy filing for The Premae Company LLC filed June 6, 2011 is attached as Exhibit No. 13. Further, there were three additional bankruptcies served on Plaintiff March 19, 2013, March 26, 2013, and April 25, 2013. All three were served to automatically stay Plaintiff's discovery up until DeHaven/Premae filed May 12, 2014 and still continuing to date in Southern District Bankruptcy Court, Judge Latham). Adverse action by Tattersalls, 15-90110-CL.

19. A true and correct copy of the debtor examination of Gerald Wiener, taken October 27, 2016, p. 40, corroborates Gerald Wiener is the sole shareholder in Finance California. Exhibit No. 14.

20. I fully set forth facts to support each element for each cause of action with as many facts known and alleging a great deal of evidence to support the elements

5.

*DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC*

and discovered recently.

21. Since coming out of USC Law School, I have almost from the beginning practiced in business litigation including; errors & omissions legal malpractice defense for over 30 years. As such, I have been acutely aware of the Statute of Limitations, even arguing and prevailing in the Court of Appeals. I am keenly aware of the Statute of Limitations, and from the outset we sought discovery and facts, and had it not been for the continued acts of Defendants to conceal the true material facts, we would have discovered attorney Wiener's interest in Premae and complex fraud by Defendants.

22. It was never DeHaven, who was behind the enterprise with his federal criminal conviction, and he did not have any credit. It was always Defendants directing the fraudulent enterprise, during the operative time period.

23. Based on the history of the insurance pools, and the fraud discovered and the fraud for which the insurance pools are used, and other recent evidence, I have reasonable belief that the use of the insurance pools, by Defendants, for criminal fraud is continuing.

24. I have personally seen multiple statements on the value of the Transamerica insurance pools with large evaluation including $220,000,000 to $660,000,000 in 2016/2017 which explains the long history of the insurance pools used for fraud and criminal activities. The high value permits the pools to be used as loan collateral, to induce investors for fraud and to claim losses. A true and correct copy, showing the value of the pools at $220,000,000, in December 2016, and references to the insurance pools connected to Gerald Wiener Defendants is attached as Exhibit No. 15. The high value of the insurance pools explains the motive and the ability to finance a number of lawyers over the years to retain and conceal interest in the pools and used for unlawful activities.

25. I respectfully request this Court consider the appropriateness of Fed. Rule 11

6.

*DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC*

1. Sanctions within its discretion and on its own initiative against Defendants and its counsel, James Spertus based on including: The statement in Defendants' MTD p. 8, that the original action, by Plaintiff, is "also identical" to the subject action where the subject claims are based on fraud, a false statement to this Court. Second, the MTD which is frivolous in light of the extensive evidence recently uncovered, showing Wiener directing the fraud on Plaintiff and additional fraud on Plaintiff and others associated with criminal conduct. Third, what appears to be deliberate misstatements to this Court of *Ayala* and *Lopez*. There are multiple other false statements to this Court and within the signed pleading, including: (1.) "a mere letter", (2.) no predicate acts plead, (3.) no misrepresentations plead, (4.) the statement that Plaintiff seeks to make Defendants a guarantor and (5.) no connection between Defendants and the fraud and affirmative acts of concealment, all of which is false. I also believe the MTD is filed to delay, and increase the cost of this litigation already excessive due to acts of Defendants.

   I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on this 2nd of November at El Segundo, CA.

                                  Respectfully submitted,
                                  COURTEAU & ASSOCIATES
                                  DIANA L. COURTEAU

                                  By s/ Diana L. Courteau
                                  DIANA L. COURTEAU
                                  Attorneys for Plaintiff
                                  TATTERSALLS LTD.

*DECLARATION IN SUPPORT OF OPPOSITION TO 12(B)(6) TO FAC*