UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD., Incorporated in England, <br><br> Plaintiff, <br><br> v. <br><br> GERALD WIENER aka GERALD H. WIENER, an individual; FINANCE CALIFORNIA, Inc., a corporation, JEFFREY J. DEHAVEN aka JEFFREY DEHAVEN aka JEFFREY PAPPAS aka THE PREMAE CO. LLC, an individual; THE PREMAE CO. LLC, a corporation, and DOES 1-30, <br><br> Defendants. | Case No.: 3:17-cv-1125-BTM-JLB <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE** <br><br> **[ECF No. 33]** |

Pending before the Court is Plaintiff Tattersall Ltd.'s Motion to Strike Defendant Wiener's denials and affirmative defenses in the Answer to the Complaint. (ECF No. 33 "Mot"). Plaintiff contends that all twenty-six of Defendant's affirmative defenses are factually and legally insufficient. (See ECF

1

No. 33-1 "Answer"). Plaintiff also asks the Court to strike several of Defendant's denials for failing to comply with Federal Rule of Civil Procedure 8(b), and to strike Defendant's request for attorney's fees as "scandalous." Defendant urges the Court to deny the Motion because Plaintiff has failed to allege any resulting prejudice, and Plaintiff's "arguments on the merits do not justify striking any portions of the Answer." (ECF No. 36 "Resp." at 1-2). Defendant requests leave to amend in the event the Court grants the Motion. (Id.)

For reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Strike, and gives Defendant leave to amend.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a Court may strike affirmative defenses that present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *see also Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010) ("A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense.") (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Affirmative defenses are also subject to Federal Rule of Civil Procedure 8, which requires a "short and plain" statement so as to provide fair notice to the opposing party. Fed. R. Civ. P. 8(c). To provide fair notice, Defendants generally must "state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 605, 608 (S.D. Cal. 2013). Although a detailed factual statement is not required, simple identification is not enough; the pleading must "at least give notice of the grounds upon which [each defense] rests." *Id.*

"Motions to strike are generally disfavored." *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013). "To strike an affirmative

defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (internal citation and quotations omitted). "[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted).

## II.  DISCUSSION

Plaintiff moves to strike the Answer for several reasons.  First, Plaintiff contends the defenses are factually and legally insufficient.  Second, Plaintiff argues that several defenses are redundant and inappropriately pled as affirmative defenses.  Third, Plaintiff urges the Court to strike Defendant's denials for failing to comply with Federal Rule of Civil Procedure 8(b).  Finally, Plaintiff alleges that Defendant's request for attorney's fees should be stricken as scandalous.  The Court will address each argument in turn.

### A. Factual Sufficiency

Defendant asserts the following twenty-six "affirmative defenses":  (1) statute of limitations, (2) no duty, (3) Plaintiff's knowledge, (4) failure to state a cause of action, (5) laches, (6) good faith conduct, (7) bad faith, (8) equitable doctrines, (9) conduct of others, (10) speculative damages, (11) failure to allege facts supporting a claim for punitive damages, (12) plaintiff's own conduct, (13) no attorney's fees, (14) uncertainty of pleading, (15) no damages, (16) lack of causation/lack of standing, (17) inapplicability, (18) setoff, (19) improper lumping of defendants, (20) no misrepresentation; (21) no pattern of racketeering, (22) no predicate act, (23) failure to allege agreement to conspire, (24) no promise, (25) no justifiable reliance, and (26) additional defenses that may arise as litigation progresses. (ECF No. 31).

Plaintiff urges the Court to strike all twenty-six affirmative defenses

because they are factually insufficient.  The Court grants the motion only as to defenses five (laches), eight (equitable doctrines), and nine (conduct of others). These alleged affirmative defenses do not contain any factual support or ground for asserting the defense. *See Roe v. City of San Diego*, 289 F.R.D. 605, 608 (S.D. Cal. 2013).  They therefore do not provide Plaintiff with fair notice of the defense asserted.  *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Kohler v. Islands Restaurants*, L.P., 280 F.R.D. 560 (S.D. Cal. 2012); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010).

Contrary to Defendant's position, Plaintiff need not prove prejudice to prevail in a motion to strike a defense for insufficiency under Rule 12(f).  *See Barnes*, 718 F.Supp.2d at 1173.  Even if Plaintiff did bear that burden, the resulting prejudice—delays, as well as costly and unnecessary discovery from an inability to narrow the issues—is evident.  *See id.*  The Court accordingly strikes defenses five, eight, and nine with leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).  The Court DENIES the Motion as to the remaining defenses.

### B. Legal Sufficiency

The Court declines to rule on the legal sufficiency or merit of each defense because Plaintiff has not convinced the Court that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (internal citation and quotations omitted).  Such a determination in this case is more appropriate on summary judgment or in the context of a pre-trial order, after Defendant has set forth the defenses upon which it intends to rely.  Discovery has not commenced, and it is premature to determine the viability of the asserted defenses.  The Court DENIES the Motion to Strike defenses for legal insufficiency.

4

3:17-cv-1125-BTM-JLB

## C. Non-Affirmative Defenses

Plaintiff asks the Court to strike certain defenses because they are not true affirmative defenses, and merely repeat the denials in Defendant's answer, rendering them both redundant and insufficient under Rule 12(f). (Mot. at 10). Plaintiff takes particular issue with affirmative defense number four, failure to state a claim, but also asks the Court to strike the following affirmative defenses: two (no duty); three (Plaintiff's knowledge); six (good faith conduct); seven (bad faith); nine (conduct of others); ten (speculative damages); eleven (failure to allege facts supporting a claim for punitive damages); twelve (Plaintiff's own conduct); thirteen (no attorney fees); fourteen (uncertainty of pleading); fifteen (no damages); sixteen (lack of causation/lack of standing); seventeen (inapplicability); eighteen (setoff); twenty (no misrepresentation); twenty-one (no pattern of racketeering); twenty-two (no predicate act); twenty-three (failure to allege agreement to conspire); twenty-four (no promise); and twenty-five (no justifiable reliance). (Id.)

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense" but a "negative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "An affirmative defense absolves a defendant of liability even where the plaintiff has stated a prima facie case for recovery." *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). "An attack on a plaintiff's case-in chief is not an affirmative defense." *Id.* (citing *Zivkovic*, 302 F.3d at 1088). Negative defenses that are pled as affirmative defenses are subject to a motion to strike under Rule 12(f). *Barnes*, 718 F.Supp.2d at 1174.

"Failure to state a cause of action" is not an affirmative defense because it attacks plaintiff's case-in-chief, rather than showing an additional set of facts that would bar plaintiff's recovery irrespective of whether plaintiff has stated a prima facie case for recovery. *Vogel*, 291 F.R.D. at 442; *Kohler v. Islands Restaurants,*

5
3:17-cv-1125-BTM-JLB

*L.P.*, 280 F.R.D. 560, 566 (S.D. Cal. 2012).  The remaining defenses, none of which are enumerated as affirmative defenses in Federal Rule of Civil Procedure 8(c), suffer from the same deficiency.  However, courts have held that "denials that are improperly pled as defenses should not be stricken on that basis alone," particularly where they do not prejudice Plaintiff. *See San Diego Unified Port District v. Monsanto Co.*, No. 15CV578 WQH, 2018 WL 4281476 at *5 (S.D. Cal., Sept. 6, 2018) (citing *Weddle v. Bayer AG Corp.*, No. 11CV817 JLS, 2012 WL 1019824, at *4 (S.D. Cal. Mar. 26, 2012); *Mattox v. Watson*, No. 07-5006, 2007 WL 4200213 (C.D. Cal. Nov. 15, 2007); *Smith v. Wal-Mart Stores*, No. 06-2069, 2006 WL 2711468 (N.D. Cal. Sept. 20, 2006)); *see also Kohler*, 280 F.R.D. at 567 ("Simple mislabeling [of a negative defense as an affirmative defense] is not grounds for striking or granting partial summary judgment" on defenses.).  Absent a showing of prejudice, classification of a defense as "affirmative" or "negative" does not necessitate that the offending answer be stricken.

Although the Court agrees that Defendant has improperly pled negative offenses as affirmative defenses, Plaintiff has not shown how this mislabeling prejudices Plaintiff.  The Court DENIES Plaintiff's Motion to Strike the aforementioned defenses on this ground alone.

**D. Denials**

Plaintiff also moves to strike certain denials as legally improper and insufficient. (Mot. at 22-25).  Plaintiff asserts that Defendant has failed to comply with Rule 8 by "add[ing] unaccepted evidence" that Defendant had no voting rights in the Premae Company, and by "evading a mandatory admission or denial" by resorting to the phrase "[t]he Wiener Defendants deny the allegations . . . of the FAC to the extent it improperly lumps all 'defendants' together." (Id.) Plaintiff requests sanctions for the latter denial. (Id. at 24, n.8).  Defendant responds that its denials "fairly respond" to Plaintiff's allegations. (Resp. at 23).

Although Defendant's denials read as defenses and are therefore improper,

Plaintiff again has not shown any resulting prejudice. The Court denies Plaintiff's motion to strike these denials.

### E. **Attorney's Fees and Request For Sanctions**

Defendant's Prayer for Relief requests an award of "reasonable attorney's fees and costs of suit to the extent Plaintiff contends that English common law applies." (ECF No. 31 at 46). Plaintiff seeks sanctions against Defendant's attorneys for their inclusion of this "outrageous" and "scandalous" request, which Plaintiff asserts has no basis in the applicable law. (Id. at 23). Defendant maintains that its request for attorney's fees is "proper" because Plaintiff alleged that "English law governs" in the FAC, and under the English rule, attorney's fees are awarded to the prevailing party. (Resp. at 23). Defendant asserts sanctions are not warranted because the request directly responded to Plaintiff's choice-of-law, and Plaintiff failed to raise the issue with Defendant before moving for sanctions. (Resp. at 23).

Scandalous matters "includes allegations that cast a cruelly derogatory light on a party or other person." *Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F.Supp.3d 1136, 1143 (S.D. Cal. 2018). "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (citing *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir.1992)).

Plaintiff has failed to show that Defendant's request is "scandalous." Plaintiff identifies no prejudice and the Court sees none. Moreover, the Court cannot say the allegations bear "no possible relation to the controversy" given the references to a contractual basis for following English common law in the FAC. (FAC ¶¶ 33, 34). The Court declines to rule on choice-of-law issues in a motion to strike. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("[C]ourts may not resolve disputed and substantial factual or legal issues

7

3:17-cv-1125-BTM-JLB

in deciding a motion to strike.") (internal quotations omitted).  The Court DENIES Plaintiff's motion to strike Defendant's request for attorney's fees as scandalous, and denies Plaintiff's request for sanctions on Defendant.

### III. CONCLUSION

Motions to Strike are disfavored because "striking is such a drastic remedy." *Freeman v. ABC Legal Servs., Inc.*, 877 F.Supp.2d 919 (N.D. Cal. 2012).  If a Court strikes a claim, "leave to amend should be freely granted in the absence of prejudice to the opposing party."  *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak*, 607 F.2d at 826-27).  In light of this policy preference, the Court strikes affirmative defenses five, eight, and nine with leave to amend the deficiencies identified above.  The Motion to Strike is granted in part and denied in part.  An amended answer must be filed by March 5, 2019.

IT IS SO ORDERED.

Dated: February 19, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge