FILED
OCT 18 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS, LTD.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GERALD WIENER, et al.,<br><br>　　　　　Defendants. | Case No.: 17cv1125-BTM(KSC)<br><br>**ORDER RE JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTES [Doc. Nos. 80 and 81.]** |

　　　　Before the Court are two Joint Motions for Determination of Discovery Dispute. [Doc. Nos. 80 and 81.] In these Joint Motions, plaintiff seeks an order compelling defendants to revise and expand the initial disclosures they made pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(i) and (ii). Defendants contend they have fully complied with the initial disclosure requirements. Copies of defendants' initial disclosures were provided to the Court as exhibits to the Joint Motions. [Doc. No. 80-2, at pp. 19-24; Doc. 81-1, at pp. 33-46.]

　　　　***Initial Disclosures/Description of Documents That May Be Used to Support Claims or Defenses [Doc. No. 80]***. Plaintiff argues that defendants' initial disclosures are incomplete because they did not produce a single document. [Doc. No. 80, at p. 6.] In addition, plaintiff contends that defendants' initial disclosures are incomplete because they should have identified additional documents based on the allegations in plaintiff's

1

Complaint that allege defendants were acting as partners in "multiple year of transactions." [Doc. No. 80, at pp. 7-8.] Plaintiff also argues that defendants must make separate disclosures for each defendant. [Doc. No. 80, at p. 6.]

Defendants contend they have fully complied with the initial disclosure requirements and are not required to identify the documents "that *plaintiff thinks* they should." [Doc. No. 80, at p. 12.] Defendants have also explained that the responses are the same as each defendant, so it is not necessary for them to provide separate disclosures. [Doc. No. 80, at p. 9-11.]

Having reviewed defendants' initial disclosures and the parties' arguments, the Court finds that defendants have complied with the requirements set forth in Federal Rule of Civil Procedure 26(a)(1)(A)(ii). As required by Federal Rule of Civil Procedure 26(a)(1)(A)(ii), defendants' initial disclosures include "a description by category and location" of documents they "may" use to support their claims and/or defenses and the location of the documents. [Doc. No. 80-2, at pp. 19-24.] Rule 26(a)(1)(A)(ii) does not mandate that defendants produce documents. To the extent plaintiff seeks copies of documents listed in defendants' initial disclosures or seeks disclosure of additional documents and information from defendants, it must do so by serving defendants with discovery requests as provided in Federal Rules of Civil Procedure 30, 33, 34, and 36. If plaintiff seeks documents from a third party, it must, of course, serve those parties with a subpoena pursuant to Federal Rule of Civil Procedure 45. To the extent defendants' initial disclosures and/or responses to any discovery requests are the same for more than one defendant, it is not necessary for them to serve plaintiff with separate disclosures or responses for each defendant so long as the response clearly states that it is being submitted on behalf of multiple defendants.

Accordingly, plaintiff's request for an order compelling defendants to make additional initial disclosures under Rule 26(a)(1)(A)(ii) is DENIED. [Doc. No. 80.]

***Initial Disclosures/Witnesses [Doc. No. 81]***. As required under Federal Rule of Civil Procedure 26(a)(1)(A)(i), defendants' initial disclosures include a list of witnesses

2

they believe are "likely to have discoverable information." Fed.R.Civ.P. 26(a)(1)(A). [Doc. No. 81-1, at pp. 35-41.] According to plaintiff, four of the witnesses identified by defendants are attorneys who have worked for one or more of the defendants. [Doc. No. 81, at p. 6.] For example, defendants identified attorney Nicholas Klein, and provided his address and telephone number, and a general description of subject areas where he has knowledge relevant to the case. The description identifies Mr. Klein as "outside counsel" to defendant Finance California. [Doc. No. 81-1, at p. 39.]

Because defendants have identified attorneys as potential witnesses, plaintiff contends defendants must identify "the holder of the attorney-client privilege," provide a privilege log, or waive the privilege. [Doc. No. 81, at pp. 7-9.] Plaintiff believes defendants are listing individual lawyers as defense witnesses to preclude plaintiff from obtaining discovery. [Doc. No. 81, at p. 7.]

Defendants contend they have fulfilled their initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(i), and the attorney-client privilege is not an issue at this stage of the proceeding. Defendants are correct. Plaintiff's request for an order compelling defendants to further address the attorney-client privilege, provide a privilege log, and/or waive the privilege is premature.

"The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015). At the time of initial disclosures, it is enough for defendants to state that these attorneys may have "discoverable information" but to also indicate there may be some documents or information they would not be able to disclose based on the attorney-client privilege. Later, if these attorneys withhold documents or information in response to document requests or deposition questions based on the attorney-client privilege, it would be time for them to "expressly make the claim" on behalf of the holder of the privilege, and, if documents are withheld, provide plaintiff with a privilege log. *See* Fed.R.Civ.P 26(b)(5)(A)(i)&(ii).

Plaintiff also argues that defendants must provide separate initial disclosures of witnesses for each defendant. [Doc. No. 81, at p. 10.] Defendants have explained that the witness disclosures are the same for both responding defendants, and joint disclosures are appropriate for related parties. [Doc. No. 81, at pp. 25-26.] Defendants are correct. Once again, to the extent defendants' initial disclosures and/or responses to any discovery requests are the same for more than one defendant, it is not necessary for them to serve plaintiff with separate disclosures or responses for each defendant so long as the response clearly states that it is being submitted on behalf of multiple defendants.

Accordingly, plaintiff's request for an order compelling defendants to make additional initial disclosures under Rule 26(a)(1)(A)(ii) to specifically address issues concerning the attorney-client privilege is DENIED. [Doc. No. 81.]

To the extent the parties have any further discovery disputes they are unable to resolve *after* they have met and conferred in good faith concerning all disputed issues, they must jointly contact the Court at (619) 446-3964 *before* filing a motion.

IT IS SO ORDERED.

Dated: October 16, 2019

Hon. Karen S. Crawford
United States Magistrate Judge