FILED
NOV 26 2019
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD., incorporated in England,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GERALD WIENER, aka GERALD H. WIENER, an individual, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 17cv1125-BTM(KSC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A PROTECTIVE ORDER AS TO THE DEPOSITION OF DAVID ANDERSON**<br><br>[Doc. No. 98.] |

On November 15, 2019, the parties filed a document entitled Joint Motion for Protective Order re David Anderson. [Doc. No. 98, at pp. 1-12.] Although submitted as a single docket entry, the Joint Motion is two separate documents. The first eight (8) pages were submitted by plaintiff [Doc. No. 98, at pp. 1-9], and another 5 pages were submitted by defendants [Doc. No. 98, at pp. 12-16.] Plaintiff's counsel also submitted a declaration and exhibits in support of the request for a protective order. [Doc. 98-1, at pp. 1-5; Doc. 98-1, at pp. 6-77.]

In an Order filed on October 29, 2019, defendants were ordered to provide plaintiff with a description of the proposed subject areas for Mr. Anderson's deposition testimony. [Doc. No. 91, at p. 5.] The Court's Order of October 29, 2019 also directed the parties to meet and confer about any objections that plaintiff has to the proposed subject areas for

Mr. Anderson's deposition. [Doc. No. 91, at p. 5.] If the parties were unable to reach agreement during the meet and confer process, they were to file a joint motion regarding plaintiff's request for a protective order no later than November 15, 2019. Each party's briefing in the joint motion was limited to five (5) pages or less. Supporting declarations could be submitted but without exhibits. [Doc. No. 91, at pp. 5-6.]

The Joint Motion does not comply with the Court's October 29, 2019 Order. First, there is nothing to indicate counsel satisfied the meet and confer requirement. Second, because the Joint Motion is two separate documents with separate signature blocks, it is apparent that the procedure set forth in Chambers Rule VIII(E) was not followed. Section VII(E) expects the parties to engage in a collaborative effort and to review each other's arguments before the Joint Motion is submitted, so that each party has an opportunity to offer a counter argument as to every issue and to further reflect and evaluate each other's positions. Next, defendants complied with the page and exhibit limitations, but plaintiff did not. Plaintiff's briefing is eight (8) pages when it was supposed to be five (5) pages. In addition, the five (5) page Declaration submitted with the Joint Motion is essentially a continuation and repetition of the arguments raised in the eight (8) other pages of briefing. [Doc. No. 91, at p. 5.] Finally, there are exhibits attached to the Declaration even though the Court's Order states that a Declaration could be submitted "but without exhibits." [Doc. No. 91, at p. 6.]

For the reasons outlined more fully below, the Court finds that plaintiff's request for a protective order must be DENIED. Plaintiff must make David Anderson available for a deposition in San Diego.

### ***Background***

The First Amended Complaint against defendants Wiener and Finance California includes the following causes of action: (1) fraud – intentional misrepresentation; (2) fraud – negligent misrepresentation; (3) fraud – concealment; (4) RICO; (5) promissory fraud concealment; (6) conspiracy to defraud; and (7) breach of fiduciary duty. [Doc. No. 11, at p. 1.]

Plaintiff is an auctioneer of thoroughbred horses. [Doc. No. 11, at p. 10.] David Anderson is or was employed by plaintiff as a sales accountant, and he was involved in the sale of a thoroughbred racehorse to a third party, Jeffrey DeHaven, who is or was the owner of The Premae Company. The Premae Company is the alter ego of DeHaven (collectively DeHaven/Premae"). Although the First Amended Complaint names DeHaven/Premae as defendants, a default has been entered against them, and they have not appeared in the action. [Doc. No. 24.]

When DeHaven/Premae failed to pay for the horse, plaintiff took legal action against him and his business. [Doc. No. 11, at pp. 5-6, 24, 50; Doc. No. 98, at p. 12.] According to the First Amended Complaint, plaintiff was able to obtain a judgment against DeHaven/Premae for failing to pay for the horse. [Doc. No. 11, at pp. 4-6, 8-9, 13, 23, 27-28, 31.] Defendants Wiener and Finance California were not parties to the litigation against DeHaven/Premae. [Doc. No. 98, at p. 14.]

Defendant Wiener is allegedly the sole owner and shareholder of defendant Finance California. [Doc. No. 11, at pp. 8, 10.] Defendant Wiener, as chief executive officer of Finance California, wrote a letter addressed "To Whom It May Concern" stating that he had a relationship with DeHaven for approximately 15 years and that his company, Premae, "has a credit facility with Finance California in the amount of $750,000.00." [Doc. No. 11, at pp. 18, 22. *See also* Doc. No. 1, at p. 58 (copy of the letter).] This letter also stated that DeHaven is "honest, trustworthy, and a credible borrower." [*Id.*] According to the First Amended Complaint, statements in this letter were false and were made to induce plaintiff to sell the horse. Plaintiff allegedly relied on this letter when it sold the horse to DeHaven/Premae. [Doc. No. 11, at pp. 18, 21-22.]

The First Amended Complaint further alleges that plaintiff later discovered in 2016 or early 2017 during DeHaven's bankruptcy proceeding that defendants Wiener and Finance California were shareholders/members of Premae in 2010 and 2011, but they "actively concealed" their interest in Premae. [Doc. No. 11, at pp. 19, 22, 27-28; Doc. No. 98, at pp. 2-3.] The First Amended Complaint alleges that the purchase of the horse

"was part of a more complex, large scale fraud" involving defendant Wiener and others. [Doc. No. 11, at pp. 18-19, 28.]

### *Discussion*

Plaintiff contends in the Joint Motion that it would not be proportional to the needs of the case to permit defendants to depose Mr. Anderson, because he does not have any knowledge about matters at issue in this case. [Doc. No. 98, at p. 8.] Rather, it is plaintiff's position that Mr. Anderson only has knowledge about facts relevant to the underlying contract action(s) involving the sale of the horse to DeHaven/Premae, and these matters have already been resolved in other actions. According to plaintiff, the proposed topics for Mr. Anderson's deposition only relate to factual matters that were previously litigated in the underlying "breach of contract" action(s) involving DeHaven/Premae, and the sale of the horse. As a result, plaintiff contends that defendants' purpose in deposing Mr. Anderson is an attempt to re-litigate matters that have already been resolved in the underlying contract action(s) and the only matter yet to be adjudicated in this case is the alleged fraud against plaintiff by defendants Wiener and Finance California. [Doc. No. 98, at pp. 2-5.]

In their portion of the Joint Motion, defendants explain that three causes of action in the First Amended Complaint – negligent misrepresentation, fraudulent misrepresentation, and false promise – all require plaintiff to prove that it reasonably relied on the October 2010 letter written by defendant Wiener as chief executive officer of defendant Finance California.[1] [Doc. No. 98, at pp. 12-13.] Defendants also explain that proof of actual or reasonable reliance by plaintiff on the letter was not previously adjudicated in the underlying action(s) involving the sale of the horse to DeHaven/

---

[1] For example, "[t]he following elements must be pleaded to state a cause of action for negligent misrepresentation: (1) a false statement of a material fact that the defendant honestly believes to be true, but made without reasonable grounds for such belief, (2) made with the intent to induce reliance, (3) reasonable reliance on the statement, and (4) damages." *Century Sur. Co. v. Crosby Ins., Inc.*, 124 Cal. App. 4th 116, 129 (2004).

Premae. [Doc. No. 98, at p. 13.] Even if the underlying contract action(s) included any statements about the issue of reliance, defendants contend they would only be *dictum*. Defendants do not believe the principles of collateral estoppel would apply to preclude defendants from litigating the issue of reliance in this case, because they did not have a full and fair opportunity to litigate this issue in any other action. According to defendants, plaintiff relies on "a default proceeding or a case in which defendants were not a party, or both," so "the predicates for collateral estoppel" do not exist. [Doc. No. 98, at p. 14.] Therefore, defendants argue that Mr. Anderson is a "key witness" concerning plaintiff's reasonable reliance in selling the horse based on the October 2010 letter written by defendant Wiener as chief executive officer of defendant Finance California. [Doc. No. 98, at pp. 12-13 n.10.] In the Joint Motion, plaintiff has not responded to these arguments.

Defendants also argue that Mr. Anderson is an important witness on the issue of damages, because the prior matters involving DeHaven/Premae only involved "benefit of the bargain" contract damages, and "actual damages are the measure for the misrepresentation claims in this case." [Doc. No. 98, at p. 13 n. 10.] In addition, defendants want to depose Mr. Anderson about plaintiff's "diligence in pursuing its current claims," because they believe this issue is relevant to whether the statute of limitations has expired. [Doc. No. 98, at p. 13.] In the Joint Motion, plaintiff has not responded to these arguments.

Plaintiff's final argument as to why the Court should enter a protective order precluding Mr. Anderson's deposition is that plaintiff has filed a Motion for Summary Adjudication before the District Court in this case raising the issues of the *res judicata* and collateral estoppel effects of the prior judgments against DeHaven/Premae. [Doc. No. 98, at pp. 6-7, citing Doc. No. 90.] However, as defendants contend, the entire case would not be resolved even if plaintiff prevails on the Motion for Summary Adjudication, and, as a result, discovery must proceed. The Court agrees.
///

5

17cv1125-BTM(KSC)

## *Conclusion*

Without more, the Court finds that defendants have established the relevance and importance of Mr. Anderson's deposition. Defendants are entitled to the discovery they need to prepare a defense and to pursue their theory of the case, and it is unclear how they would be able to do so without taking the deposition of Mr. Anderson. Accordingly, plaintiff's Motion for a Protective Order seeking to prohibit defendants from deposing Mr. Anderson or to limit the scope of Mr. Anderson's deposition is DENIED. Plaintiff is ordered to make Mr. Anderson available for deposition in San Diego in accordance with the Court's prior Order of October 29, 2019. [Doc. No. 91, at pp. 5-6.] To the extent plaintiff's counsel has not already provided ten (10) dates to defense counsel indicating when Mr. Anderson is available for a deposition, ten (10) available dates for Mr. Anderson's deposition must be provided to defense counsel ***no later than December 6, 2019***, and the available dates must be between December 9, 2019 and February 17, 2020.

Plaintiff's request for Rule 11 sanctions against defendants is DENIED as frivolous. In addition, plaintiff's counsel is forewarned that the Court agrees with defendants' response to plaintiff's request for sanctions [Doc. No. 98, at pp. 15-16], and, from this point forward, the Court will not hesitate to impose monetary sanctions against plaintiff's counsel if she continues to take unreasonable and unsupportable positions during the discovery process. When discovery disputes arise, plaintiff's counsel must carefully and completely consider defendants' positions before seeking the Court's intervention. It should not be necessary for the Court to intervene at every step in the discovery process.

IT IS SO ORDERED.

Dated: November 26, 2019

Hon. Karen S. Crawford
United States Magistrate Judge