

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD, incorporated in England,<br><br>                Plaintiff,<br>v.<br><br>GERALD WIENER aka GERALD H. WIENER, et al.,<br>                Defendants. | Case No.: 17cv1125-BTM(KSC)<br><br>**ORDER GRANTING MOTION OF LDM ENTERPRISES, LLC TO QUASH PLAINTIFF'S SUBPOENA TO BANK OF AMERICA**<br><br>[Doc. No. 102];<br><br>**ORDER GRANTING MOTION OF DEFENDANTS TO QUASH PLAINTIFF'S SECOND ROUND OF BANK SUBPOENAS**<br><br>[Doc. No. 112] |

      Before the Court are the following discovery motions: (1) *Ex Parte* Motion of [Third Party] LDM Enterprises, LLC to Quash Plaintiff's Subpoena to Bank of America [Doc. No. 102]; and (2) Motion of Defendants Gerald Wiener and Finance California to Quash Plaintiff's Second Round of Subpoenas [Doc. No. 112]. Plaintiff has opposed these motions. [Doc. Nos. 104, 113.] For the reasons outlined more fully below, the Court finds that third party LDM and defendants are each entitled to an order GRANTING their Motions to Quash. [Doc. Nos. 102, 112.]

1

## *Background*

In an Order filed on September 13, 2018, the District Court concluded the First Amended Complaint ("FAC") adequately pled the elements of the following causes of action against defendants Wiener and Finance California: (1) intentional misrepresentation; (2) negligent misrepresentations; (3) fraudulent concealment; (4) a pattern of racketeering under RICO; (5) promissory fraud; and (6) conspiracy to defraud. [Doc. No. 30, at pp. 7-12.] The District Court's Order also includes a detailed summary of the allegations in the FAC. [Doc. No. 30, at pp. 2-4.] In addition, the District Court concluded plaintiff adequately pled tolling of the applicable statute of limitations for these causes of action. [Doc. No. 30, at pp. 13-15.] The District Court's Order also sets forth the elements necessary to establish equitable tolling of the statute of limitations. [Doc. No. 30, at p. 14.] This detailed background information will not be repeated herein but is referenced for the benefit of the parties and the Court in considering the relevance and importance of the financial records plaintiff seeks in response to the subject subpoenas.

## *Discussion*

### I. *Current Scope of Discovery.*

In an Order filed on January 14, 2020 [Doc. No. 128], the District Court granted in part a Motion to Bifurcate [Doc. No. 87] filed by defendants Gerald Wiener and Finance California ("defendants"). In this regard, the District Court's Order states that discovery into the merits of the case is stayed from February 1, 2020 until May 1, 2020. Prior to February 1, 2020, the District Court ordered the parties to complete certain fact discovery that was previously ordered by this Court. [Doc. No. 128, at p. 2.] From February 1, 2020 until May 1, 2020, the District Court ordered the parties to "engage in expedited discovery as to the statute of limitations issue." [Doc. No. 128, at p. 2.] Therefore, any discovery that is the subject of the pending Motions to Quash must not only meet the relevance and proportionality standards in Federal Rule 26(b) but must also be relevant to statute of limitations issues.

## II. *Third Party LDM's Ex Parte Motion to Quash.*

To prevent production of its banking records, third party LDM Enterprises, LLC ("LDM") filed an *Ex Parte* Motion to Quash Plaintiff's Subpoena to Bank of America [Doc. No. 102]. At the time this *Ex Parte* Motion was filed, LDM had not been served with the subpoena and had only received notice of it from Bank of America. LDM's counsel attempted to obtain a copy of the subpoena from plaintiff's counsel but was unsuccessful in doing so before filing its *Ex Parte* Motion to Quash. [Doc. No. 102, at p. 3.] As a non-party, LDM is not sure why its banking records were subpoenaed in connection with this case. [Doc. No. 102, at p. 5.]

Plaintiff filed an Opposition to LDM's *Ex Parte* Motion but did not submit a copy of the subpoena to the Court, so the scope of the subpoenaed records is somewhat unclear. Plaintiff's Opposition does include the following description of the subpoena: "The subpoena is limited to the five years that plaintiff has evidence that [defendants] Gerald Wiener and Finance California, Inc. [were partners of] Jeffrey DeHaven aka The Premae Company LLC." [Doc. No. 104, at p. 3.] Plaintiff argues that LDM's banking records for the years 2010 through 2015 are relevant, because they will show money transfers and connections among DeHaven/Premae, LDM, Raymond Lee, defendants Wiener and Finance California, and "additional co-conspirators." [Doc. No. 104, at pp. 3-6.]

In support of this contention, plaintiff's Opposition lists a series of transactions among some of these parties. [Doc. No. 104, at pp. 3-4.] For example, the list includes a transaction indicating Premae received $12,500 from LDM on September 2, 2011. [Doc. No. 104, at p. 4.] Only one of the listed transactions, a Consent and Release dated December 30, 2014, involves defendants Wiener and Finance California. [Doc. No. 104, at p. 6.] An incomplete copy of this Consent and Release is attached as Exhibit 17 to the Declaration of plaintiff's counsel submitted in support of plaintiff's Opposition. Parties named in the Consent and Release include LDM, Premae, and Finance California. Although the Consent and Release is incomplete, it does at least suggest some business or

3

financial relationship as of December 30, 2014 between LDM, Premae, defendant Finance California, and defendant Wiener, who is allegedly the sole owner of Finance California. [Doc. No. 104-1, at p. 52; Doc. No. 11, at p. 10.]

As further support for the subpoena seeking LDM's banking records, plaintiff cites several allegations in the FAC that reference LDM and/or Raymond Lee. [Doc. No. 11, at pp. 14, 26, 53, 61, 78.] Allegedly, Lee is a member of LDM, and he also represented DeHaven/Premae in underlying litigation. [Doc. No. 104-1, at pp. 2-3.] Essentially, the allegations in the FAC against Lee involve actions he took as counsel for DeHaven/Premae that allegedly prevented plaintiff from "learning the true facts." [Doc. No. 11, at pp. 14 n.8, 26.] For example, it is alleged that Mr. Lee, as counsel for DeHaven/Premae, refused to produce discovery. [Doc. No. 11, at p. 14.] The Declaration of plaintiff's counsel also states that LDM is a "shell entity used by defendants for concealing monies from frauds and what appears to have been money laundering (money in and out through [DeHaven/Premae] and [LDM])." [Doc. No. 104-1, at p. 2.] Without more, it is unclear how LDM's banking transactions would be relevant to statute of limitations issues, such as whether equitable tolling applies or whether plaintiff used reasonable care and diligence in attempting to learn facts related to the alleged fraud by defendants.

Based on the information presented, plaintiff's subpoena is also overly broad to the extent it seeks production of **_all_** LDM's banking transactions from 2010 through 2015. The only transactions that may be relevant in this action are those between LDM, DeHaven/Premae, defendant Finance California, and defendant Wiener. In addition, it appears that plaintiff seeks banking records from LDM, because it believes they are relevant to the merits of the case (*i.e.*, that Lee, LDM, and others were involved in using shell entities for fraudulent purposes to prevent plaintiff and other creditors from recovering money that was owed to them). [*See, e.g.*, Doc. No. 11 (FAC), at p. 78 (alleging that Lee and others used multiple shell LLCs for fraudulent purposes, such as retaining property and keeping creditors, including plaintiff, "from reaching the valuable insurance pools, valued at $220,000,000.00").] Accordingly, the Court finds that LDM's

4

*Ex Parte* Motion to Quash must be GRANTED without prejudice to plaintiff establishing the relevance and importance of *some* of LDM's banking transactions from 2010 through 2015 to the merits of the case when discovery on statute of limitations issues is completed on or about May 1, 2020.

V. **_Defendants' Motion to Quash._**

In a prior Order filed on November 19, 2019, the Court granted defendants' Motion to Quash Plaintiffs' Subpoenas to Financial Institutions. [Doc. No. 100.] In their prior Motion to Quash, defendants complained that plaintiff served six "sweeping subpoenas" on financial institutions seeking production of monthly statements for Finance California, Inc., Finance California Defined Benefit Pension Plan, and Gerald H. Wiener. The subpoenas sought production of documents reflecting all deposits, withdrawals, wire transfers, and any other transactions for the period January 2010 to the present. Defendants also reported that plaintiff intended to serve 26 to 29 additional subpoenas. [Doc. No. 100, at p. 1.] The Court concluded the subpoenas were overly broad and indicated plaintiff had to determine how to narrow the scope of its subpoenas before the Court would permit production of any banking records. [Doc. No. 100, at p. 5.]

In their current Motion to Quash, defendants report that plaintiff served a second round of document subpoenas on financial institutions, but they argue that these new subpoenas are also overly broad, even though plaintiff did narrow the scope of the subpoenas to five years of transactions rather than five to ten years. [Doc. No. 112, at pp. 1-3.] Essentially, the subject subpoenas seek production of "all transactions" from January 2011 through December 2015, unless the financial institution can filter transactions and only produce those involving a list of 33 different entities. [Doc. No. 112-1, at p. 6.] The Court agrees with defendants that the subject subpoenas are still overly broad despite plaintiff's attempt to narrow them. However, the Court also acknowledges that some banking transactions for the requested time between defendants, DeHaven/Premae, and others could be relevant to the merits of plaintiff's allegations that

5

these entities and others were involved in "a wider fraudulent scheme." [Doc. No. 30, at p. 3.] However, without more, it is unclear how these banking transactions could be relevant to statute of limitations issues.

In addition, Federal Rule 45 states that: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P. 45(d)(1). Here, defendants indicated in their first Motion to Quash they were willing to "voluntarily produce records on an expedited timeline" and were "willing to provide relevant financial information." [Doc. No. 92, at pp. 2, 5-6.] They argued plaintiff should first attempt to obtain relevant financial records from defendants by serving them with document requests under Federal Rule 34 that are "narrowly tailored to specific transactions put in issue by the pleadings" before serving burdensome subpoenas on third parties. [Doc. No. 92, at p. 6.] The Court agrees.

Accordingly, without more, the Court finds that defendants' Motion to Quash Plaintiff's Second Round of Bank Subpoenas must be GRANTED without prejudice to plaintiff establishing the relevance and importance of some of defendants' banking transactions from 2010 through 2015 to the merits of the case when discovery on statute of limitations issues is completed on or about May 1, 2020. In addition, before serving any further subpoenas on financial institutions requesting production of all transactions over several years, plaintiff must seek production of relevant banking transactions directly from defendants by way of Rule 34 documents requests.

## *Conclusion*

Based on the foregoing, the *Ex Parte* Motion of [Third Party] LDM Enterprises, LLC to Quash Plaintiff's Subpoena to Bank of America [Doc. No. 102]; and the Motion of Defendants Gerald Wiener and Finance California to Quash Plaintiff's Second Round of Subpoenas [Doc. No. 112] are GRANTED without prejudice. Once discovery on the statute of limitations issues is completed, the Court will schedule a Discovery Conference

to discuss a plan for completing merits discovery, including the production of relevant financial transactions among the parties named in the FAC.

IT IS SO ORDERED.

Dated: January 27, 2020

Hon. Karen S. Crawford
United States Magistrate Judge