

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD, incorporated in England,<br><br>Plaintiff,<br><br>v.<br><br>GERALD WIENER, aka GERALD H. WIENER, et al.,<br><br>Defendants. | Case No.: 17cv1125-BTM(KSC)<br><br>**ORDER OF CLARIFICATION FOLLOWING DISCOVERY CONFERENCE HELD ON JANUARY 31, 2020** |

On January 31, 2020, the Court held an on-the-record Discovery Conference regarding pending merits discovery obligations and the timing and scope of discovery regarding the statute of limitations. As background, the District Court issued an Order on January 14, 2020: (1) granting in part defendants' Motion to Bifurcate; (2) staying merits discovery from February 1, 2020 to May 1, 2020 with the exception of merits discovery obligations incurred prior to February 1, 2020; and (3) directing the parties to engage in expedited discovery limited to the statute of limitations issue. [Doc. No. 128, at p. 2.] The following is a summary of matters resolved as a result of the Discovery Conference on January 31, 2020.

///

1

17cv1125-BTM(KSC)

## I. *Pending Discovery Obligations Ordered/Initiated Prior to January 14, 2020.*

### A. *Depositions.*

#### 1. *Rule 30(b)(6) Depositions by Defendants.*

Defendants noticed the deposition of David Anderson, a sales accountant employed by plaintiff who was involved in the sale of the racehorse to DeHaven. This Court ordered plaintiff to make Mr. Anderson available for deposition in San Diego. [Doc. No. 105, at p. 6.] As directed by the District Court, Mr. Anderson's deposition took place in the courthouse on January 27, 2020. Mr. Anderson's deposition was taken in his individual capacity.

Defendants also served plaintiff with a deposition notice seeking testimony from a Rule 30(b)(6) witness. Plaintiff did not designate Mr. Anderson as a Rule 30(b)(6) witness but indicated to defendants in its "objections" that Mr. Anderson may testify about some of defendants' Rule 30(b)(6) topics. However, defendants reported Mr. Anderson was not prepared to offer testimony on most of defendants' Rule 30(b)(6) topics during his deposition on January 27, 2010. Defendants did acknowledge during the January 31, 2020 Discovery Conference that Mr. Anderson may have offered significant testimony on at least one Rule 30(b)(6) topic. Therefore, defense counsel agreed to provide plaintiff's counsel with a rough copy of the transcript of Mr. Anderson's deposition. Within three (3) court days of receiving a rough copy of the transcript of Mr. Anderson's deposition, plaintiff's counsel was to notify defendants' counsel about whether plaintiff is willing to stipulate that a certain portion or portions of Mr. Anderson's testimony on a particular topic or topics can be considered binding, Rule 30(b)(6) testimony on behalf of plaintiff.

As to any remaining topics in defendants' Rule 30(b)(6) notice, plaintiff must designate an appropriate witness or witnesses ***no later than February 21, 2020***. Plaintiff must make any such witness or witnesses available for deposition in San Diego as soon as possible and must meet and confer with defendants' counsel about the date(s) for any Rule 30(b)(6) deposition to proceed.

### 2. *Depositions of Defendants Wiener and Finance California.*

Pursuant to the District Court's Order of January 30, 2020 (Doc. No. 140), plaintiff must make its Rule 30(b)(6) witness or witnesses available to be deposed in San Diego on defendants' remaining Rule 30(b)(6) topics ***before*** defendants are obligated to make defendant Wiener available, either individually or as a Rule 30(b)(6) witness on behalf of defendant Finance California, for the purpose of completing merits and/or statute of limitations discovery. The depositions of defendants Wiener and Finance California are discussed more fully below.

### B. *Plaintiff's Responses to Defendants' Written Discovery Requests.*

On December 20, 2019, during a Discovery Conference, this Court concluded plaintiff did not provide satisfactory responses to any of defendants' written discovery requests. [Doc. No. 114, at p. 1.] Therefore, plaintiff was ordered by this Court to provide defendants with supplemental responses to all defendants' interrogatories and to produce all documents responsive to each of defendants' document requests. [Doc. No. 114, at p. 2.]

During the Discovery Conference on January 31, 2020, defense counsel informed the Court that he believes plaintiff's supplemental responses to defendants' written discovery requests are inadequate. Plaintiff's counsel conversely believes the responses are adequate. Defense counsel agreed to provide plaintiff's counsel with a letter detailing the deficiencies in the responses on or about February 3, 2020. Defendants need not complete another meet and confer by telephone as to these responses, because they previously satisfied this requirement and the parties then had an exhaustive Discovery Conference with the Court about plaintiff's responses on December 20, 2019.

Plaintiff's counsel was advised that she has one last chance, namely until February 7, 2020 or seven (7) days after receipt of defense counsel's letter, to supplement/update the responses to address any inadequacies identified by defendants' counsel and provide another set of supplemental responses. If the responses are still inadequate, defendants may then elect to file and serve a motion for sanctions no greater

than ten (10) pages in length for consideration by Judge Crawford. Such motion must be filed **_on or before March 6, 2020_**. If defendants file and serve a motion for sanctions as to plaintiff's written discovery responses, plaintiff may file and serve an opposition no later than 14 days after defendants' motion is filed, and the opposition may not be any greater than ten (10) pages in length. Within three (3) days thereafter, defendants may file and serve a reply of five (5) pages or less.

## II. _Statute of Limitations Discovery to be Completed by May 1, 2020._

### A. _Written Discovery._

In their Motion to Bifurcate, defendants indicated they wished to serve seven (7) interrogatories and seven (7) documents requests. [Doc. No. 87, at p. 11.] Currently, it is unclear what written discovery plaintiff intends to serve on statute of limitations issues. However, unless leave is requested and granted, plaintiff is limited to seven (7) each of the following, which must be served on defendants Weiner and Finance California collectively **_no later than February 21, 2020_**: seven (7) interrogatories; seven (7) documents requests; and seven (7) requests for admissions. Any such requests may not be repetitive of written discovery that defendants have already answered.

Because the parties have been ordered by the District Court to complete statute of limitations discovery on an expedited basis on or before May 1, 2020 [Doc. No. 128], the time for the parties to respond to written discovery requests is reduced to twenty (20) days.

### B. _Deposition Guidelines and Procedures for Future Depositions._

Defense counsel seeks guidance from the Court going forward to avoid problems and delays that occurred before and during Mr. Anderson's deposition. Because of these problems and delays, defense counsel is considering a motion for a protective order and sanctions. Plaintiff's counsel was forewarned that speaking objections are not permitted; counsel and the deponent may not leave the deposition while a question is pending; coaching of witnesses is not permitted; and witnesses may not be instructed not to answer a question unless it is necessary to preserve a privilege. Plaintiff's counsel was also

forewarned that: (1) fact discovery is broad; (2) the deposing attorney may ask a witness to read a document, even if the witness has not previously seen the document; and (3) thereafter ask the witness questions about the document. With these warnings, a defense motion for a protective order should not be necessary unless problems that occurred during Mr. Anderson's deposition continue into the next deposition, or other difficulties arise.

Counsel must meet and confer to schedule depositions on mutually convenient dates. The parties are to provide ten (10) days' notice for all depositions. Depositions may be scheduled to take place in the courthouse by contacting Judge Crawford's chambers at least five (5) days in advance. As discussed more fully below, the parties must seek leave of court before noticing any depositions on statute of limitations issues that have not been addressed herein.

### C. *Pending Depositions re: Statute of Limitations Issues.*

#### 1. *Depositions of Defendants Weiner and Finance California.*

Plaintiff previously noticed the depositions of defendants Weiner and Finance California on merits issues for some time in January, but they did not proceed. Plaintiff then re-noticed these depositions for February 10 and 11, 2020, purportedly on statute of limitations issues. However, plaintiff's counsel was advised during the Discovery Conference that the depositions re-noticed for February 10, and 11, 2020 may not proceed as scheduled. As noted above, plaintiff must make a Rule 30(b)(6) witness or witnesses available to be deposed in San Diego on defendants' remaining Rule 30(b)(6) topics ***before*** defendants are obligated to make defendant Wiener available individually and as a Rule 30(b)(6) witness on behalf of defendant Finance California to be questioned on merits and/or statute of limitations issues.

When Mr. Wiener is deposed (*i.e.*, after plaintiff's Rule 30(b)(6) witness(es) have been deposed by defendants), the time limitations in Federal Rule 30(d)(1) shall apply (*i.e.*, 7 hours as to Wiener individually and 7 hours as to Wiener as a Rule 30(b)(6) witness for defendant Finance California). Merits depositions of defendants Wiener and

5

Finance California were previously noticed to proceed in January prior to the District Court's Order narrowing discovery to statute of limitations issues. Therefore, plaintiff *may* choose to depose defendant Wiener individually and as a Rule 30(b)(6) for Finance California on both the merits and on statute of limitations issues at the same time, so that it will not be necessary to depose defendant Wiener a second time after the completion of statute of limitations discovery. Whenever Mr. Wiener is deposed on the merits and/or on statute of limitations issues, documents and questions must be organized and streamlined for efficiency so that it is not necessary for defendant Wiener to respond to the same questions more than once.

Counsel must meet and confer to set appropriate dates, times, and locations for Mr. Wiener's deposition, and the dates, times, and locations must take Mr. Wiener's health into consideration. For example, if necessary for health reasons, Mr. Wiener's deposition may be taken at a location near his home for a few hours at a time over several consecutive days.

### 2. *Defendants' Statute of Limitations Depositions.*

In their Motion to Bifurcate, defendants estimated they would need to take one four-hour Rule 30(b)(6) deposition and up to two (2) other depositions of about 6 hours total on statute of limitations issues. [Doc. No. 87, at p. 11.] However, defendants have reserved the right to seek additional time for depositions if necessary. [Doc. No. 87, at p. 11.] In a separate Order, the Court granted in part and denied in part without prejudice defendants' Motion to Compel Attorney Depositions. [Doc. No. 145.] As outlined in this separate Order, it appears that plaintiff's former counsel, Neil Katsuyama, is defendants' key witness on statute of limitations issues, and defendants' request to depose him was granted. [Doc. No. 145, at p. 12.] However, defendants' request to depose plaintiff' current counsel, Ms. Courteau, was denied without prejudice. Defendants may renew their motion as to Ms. Courteau after Mr. Katsuyama's deposition if they can present additional evidence to establish the importance for taking Ms. Courteau's deposition on statute of limitations issues. [Doc. No. 145, at p. 12.] To

renew their motion, defendants must contact Judge Crawford's chambers for a briefing schedule.

### 3. *Plaintiff's Statute of Limitations Depositions.*

During the Discovery Conference on January 31, 2020, plaintiff's counsel indicated she would like to conduct about twelve (12) depositions on statute of limitations issues to show defendants prevented plaintiff from learning about different acts of fraud over an extended period. Plaintiff's counsel was advised that she needs to narrow her list of potential deponents and the time and scope of statute of limitations discovery to matters put at issue by defendants' proposed motion for summary judgment or adjudication. Regardless, during the Discovery Conference, plaintiff's counsel persisted in her desire to broaden statute of limitations discovery to include alleged acts of fraud or concealment by defendants through late 2016 and beyond (*i.e.*, when plaintiff alleges it had enough information to file the claims at issue in the First Amended Complaint). Defendants contend that this proposed scope of discovery will defeat the purpose of the District Court's order partially granting their Motion to Bifurcate.

Specifically, defendants claim they have discovered evidence that "plaintiff had sufficient facts to allow it [to] plead claims against defendants by mid-2011, and actually drafted such claims. . . ." [Doc. No. 87, at p. 4. *See also* Doc. No. 99, at pp. 3-8.] From the results of their investigation, defendants believe they can show plaintiff did not need the facts it allegedly obtained later in 2016 or 2017 to pursue its current claims against defendants. [Doc. No. 87, at pp. 5-6.] *See, e.g., Snyder v. Boy Scouts of Am., Inc.*, 205 Cal. App. 3d 1318, 1323 (Ct. App. 1988) ("Where fraud is established the statute is tolled only for so long as the plaintiff remains justifiably ignorant of the facts upon which the cause of action depends; discovery or inquiry notice of the facts terminates the tolling.").[1]

---

[1] In the First Amended Complaint, under the heading "Reasonable Diligence," plaintiff alleges the dockets in the U.S. District Courts for the Central District of California and the Southern District of California show "massive efforts by plaintiff to

7

As indicated in their Motion to Compel Attorney Depositions, the Court's understanding is that defendants intend to file a potentially dispositive motion for summary judgment or adjudication on the following issues: (1) whether investigations conducted by plaintiff's counsel in 2011 uncovered enough facts to put plaintiff on notice of its claims against defendants by and through its counsel; and (2) whether the circumstances in 2011 were such that a competent attorney should have known or should have discovered its claims against defendants in 2011, even if such facts were not discovered at that time. [Doc. No. 127, at p. 2.] ***Thus, the period currently at issue for statute of limitations discovery is 2011, and, without more, facts discovered at some later time are not now relevant.*** In other words, there is nothing to indicate discovery related to continuing acts of alleged fraud or concealment through and including 2016 or 2017 are within the limited scope of statute of limitations issues defendants intend to raise in the motion for summary judgment or adjudication. For this reason, statute of limitations discovery at this time should be focused on what was known or should have been known by plaintiff in 2011.

Following the Discovery Conference, plaintiff's counsel indicated by telephone that she believes she can justify taking at least three depositions on statute of limitations issues. Accordingly, at this time, plaintiff's counsel should identify three witnesses believed to have material information necessary for plaintiff to meet its burden of proof in response to defendants' proposed motion for summary adjudication.[2] ***No later than***

---

discover defendants' wrongful acts from the outset in 2011" and "multiple actions by defendants to obstruct plaintiff from discovering enterprise, conspiracy and relationship of multiple [acts] by defendants and [a] pattern of racketeering." [Doc. No. 11, at pp. 16-17.] Under the heading "Injury Discovery Rule," the First Amended Complaint alleges plaintiff "did not have actual, or constructive knowledge of the racketeering pattern, or multiple predicate acts, until, at the earliest, late 2016. . . ." [Doc. No. 11, at p. 16.]

[2]  Rule 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party moving for summary

8

***February 28, 2020***, plaintiff's counsel shall file a motion for leave to take three depositions. The motion must be five (5) pages or less in length and must: (1) identify three witnesses plaintiff's counsel wishes to depose on statute of limitations issues as described in this Order; (2) explain how each of the three witnesses is related to the case; and (4) explain why she believes each witness can offer testimony to rebut the issues defendants intend to raise in their summary adjudication motion on the statute of limitations.

**Once again, defendants intend to file a potentially dispositive motion for summary judgment or adjudication on the following issues: (1) whether investigations conducted by plaintiff's counsel in 2011 uncovered enough facts to put plaintiff on notice of its claims against defendants by and through its counsel; and (2) whether the circumstances in 2011 were such that a competent attorney should have known or should have discovered its claims against defendants in 2011, even if such facts were not discovered at that time.** [Doc. No. 127, at p. 2.] Thus, the

---

judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). If the moving party meets its initial responsibility, the burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Id.* at 324. To avoid summary judgment, the non-moving party is "required to present significant, probative evidence tending to support [its] allegations." *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citations omitted). "To rebut the motion for summary judgment successfully, the plaintiffs must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff'['s] favor, could convince a reasonable jury to find for the plaintiff[]." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). As the party opposing summary judgment, the plaintiff cannot rest solely on conclusory allegations of fact or law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

9

time currently at issue is 2011, and, without more, facts discovered at some later time and any discovery related thereto are not now relevant.

*No later than March 6, 2020 or seven (7) days after plaintiff's motion for leave to take depositions is filed*, defendants may file an opposition to plaintiff's motion that is five (5) pages or less in length. Because the matters to be raised in this motion were discussed at length during the Discovery Conference on January 31, 2020, it is not necessary for the parties to meet and confer before this motion is filed. Following the resolution of this motion, plaintiff's counsel will be given an opportunity to identify other proposed deponents on statute of limitations issues, if necessary.

D. *Any Further Depositions on Statute of Limitations Issues.*

To the extent the parties intend to take any further depositions on statute of limitations issue that have not been discussed in this Order, they must first seek leave of court by calling Judge Crawford's chambers to request a briefing schedule.

E. *Next Discovery Conference on Statute of Limitations Issues.*

A further on-the-record, in person Discovery Conference has been scheduled for *February 28, 2020 at 10:00 a.m*. The purpose of the conference will be to discuss the status of statute of limitations discovery.

IT IS SO ORDERED.

Dated: February 11, 2020

Hon. Karen S. Crawford
United States Magistrate Judge