UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD.,<br><br>                          Plaintiff,<br><br>v.<br><br>GERALD WIENER, et al.,<br><br>                        Defendants. | Case No.: 3:17-cv-1125-BTM-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION AND PARTIAL SUMMARY JUDGMENT**<br><br>**[ECF Nos. 90, 161]** |

On January 13, 2020, the Court heard oral argument on Plaintiff's motion for summary adjudication and partial summary judgment against Defendants Gerald Wiener and Finance California Inc. (ECF No. 90 ("Mot.")). Plaintiff's motion is **DENIED**.

## I. STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.

1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 314. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. ANALYSIS

Plaintiff seeks partial summary judgment on two items: (1) "the breach of contract claim" and (2) that "The Premae Company was used for fraud." (ECF No. 90 ("Notice of Motion"), 1:13–19.)

### 1. Breach of Contract

Plaintiff's motion fails with respect to breach of contract for two reasons. First, the Court cannot enter summary judgment on a claim that is not asserted. *See* Fed. R. Civ. P. 56(a). Plaintiff's first amended complaint does not include a cause of action for breach of contract. (ECF No. 11 ("FAC").)

Second, the Court cannot grant summary judgment on immaterial facts. *See Celotex*, 477 U.S. at 322. Plaintiff suggests the immateriality of whether DeHaven breached a contract with Plaintiff by stating that "[t]his case has never been about the breach of contract." (Mot., 4:21). Upon close review of the remainder of

1 Plaintiff's briefing, the Court is unable to find any indication that the purported breach is material to this case.

### 2. Premae's Involvement in Fraud

Summary judgment on Premae's purported involvement in fraud fails because the Court cannot adjudicate unclear issues. Rule 56 requires the movant to "*identify*[] each claim or defense — or part of each claim or defense — on which summary judgment is sought." Fed. R. Civ P. 56(a) (emphasis added). Plaintiff's motion is rife with vague assertions, such as: "[Premae] was used for fraud." (Notice of Motion, 1:16–19.) As Defendants note, Plaintiff does not "specify[] who committed what acts constituting what form of fraud." (ECF No. 103, 7:12–15). The Court finds that Plaintiff has not identified which facts should be summarily judged. Plaintiff thus necessarily fails to establish that such facts would be material. *See Anderson*, 477 U.S. at 248. Plaintiff has not met its burden under *Celotex*, 477 U.S. at 322.

## III. CLAIM AND ISSUE PRECLUSION

Plaintiff argues that summary judgment on the two aforementioned facts is appropriate because claim and issue preclusion bar relitigation of these matters. (Mot., 1:2–16.) Plaintiff requests preclusive effect be given to both federal[1] and state court[2] judgments. (Mot., Exhs. 2, 6–8, 12–13, 17–18.) Federal common law governs the preclusion analysis for the federal judgments and California law governs the analysis for the California judgments. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988).

The federal standard for claim preclusion requires "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties."

---

[1] *Tattersalls Ltd. v. DeHaven*, No. 2:11-cv-06311-SJO-JEM (C.D. Cal. May 4, 2012); *PC Specialists, Inc. v. DeHaven*, No. 16-90022-CL (Bankr. S.D. Cal. Aug. 29, 2016).
[2] *The Premae Company, LLC v. Richard Doan*, 37-2012-00098024-CU-BC-CTL (Cal. Super. Ct. May 19, 2014); *Dienstl v. DeHaven*, 37-2010-00099220-CU-BC-CTL (Cal. Super. Ct. June 12, 2013).

1 *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016). California
2 has an identical standard. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896
3 (2002). First, Plaintiff does not raise a breach of contract claim in the instant
4 case, (*id.* at 1:22–23.), so there is no identity of claims between the cases
5 supporting claim preclusion on breach of contract. Second, there remains a
6 dispute of material fact whether DeHaven and Premae — the defendants in the
7 fraud judgments — were in privity with Wiener and Finance California. Plaintiff's
8 allegation that a partnership existed between Defendants and DeHaven/Premae,
9 even if undisputed, would not establish privity under California law. *DKN
10 Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015) (citing *Dillard v. McKnight*,
11 34 Cal. 2d 209, 214 (1949)). There is thus no identity or privity between the
12 parties to support claim preclusion on Premae and fraud.

In California, issue preclusion applies: "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings*, 61 Cal. 4th at 819. The federal doctrine of issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). Federal issue preclusion typically may not be applied against a nonparty to the original suit, because that person "generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." *Id.* The U.S. Supreme Court has established some exceptions to this rule, including situations where the nonparty had a "pre-existing 'substantive legal relationship[]'" with the party to the previous suit or where the nonparty's interests were adequately represented by a party in the previous suit. *Taylor*, 553 U.S. at 893–95 (citations omitted). On the present record, none of these exceptions conclusively apply here. Since there remains a dispute of material fact regarding whether Wiener

and Finance California were in privity with DeHaven and Premae, the Court cannot grant summary judgment on either of the issues Plaintiff presents.

Plaintiff does not meet the requirements of either test. Accordingly, neither claim preclusion nor issue preclusion is proper here.

## IV. CONCLUSION

Plaintiff's motion for summary adjudication and partial summary judgment (ECF No. 90) is **DENIED**. Plaintiff's ex parte motion to expedite the ruling on this motion (ECF No. 161) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: March 5, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge