UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD.,<br><br>                    Plaintiff,<br><br>v.<br><br>GERALD WIENER, et al.,<br><br>                    Defendants. | Case No.: 3:17-cv-1125-BTM-KSC<br><br>**ORDER OVERRULING DEFENDANTS' OBJECTIONS**<br><br>**[ECF No. 191]** |

Before the Court are Defendants' objections to Magistrate Judge Crawford's sanctions order (ECF No. 189). (ECF No. 191 ("Obj.").) The relevant facts are as follows. Plaintiff was originally represented by attorney Diana L. Courteau of Courteau & Associates ("Courteau"). During this time, Plaintiff engaged in what Defendants viewed as obstructive litigation tactics. (*See, e.g.*, ECF Nos. 141, 3:1–4; 152.) Plaintiff later retained new counsel and ended its association with Courteau. (ECF Nos. 165, 175–176.)

In June, Judge Crawford issued two rulings on sanctions. In the first, Judge Crawford granted Defendants' motion for sanctions and ordered Courteau to pay Defendants $31,772.62 for misconduct during the deposition of David Anderson. (ECF No. 188.) In the second, she denied Defendants' request for additional monetary sanctions and recommended that this Court deny Defendants' request

for terminating sanctions due to Plaintiff's pending motion to voluntarily dismiss. (ECF No. 189 ("Order").) This Order concerns the second order, to which Defendants object.

## I.  STANDARD OF REVIEW

District court review of magistrate judge orders on non-dispositive motions is limited. A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard." *Meeks v. Nunez*, Case No. 13cv973-GPC(BGS), 2016 WL 2586681, *2 (S.D. Cal. May 4, 2016) (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. Mar. 22, 2010)).

The "contrary to law" standard "allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fid. & Deposit Co. of Md*, 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000)); *see also Computer Econ., Inc. v. Gartner Grp., Inc.,* 50 F. Supp. 2d 980, 983 n. 4 (S.D. Cal. May 25, 1999); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. Dec. 16, 2003). A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin,* 767 F. Supp. 2d at 1110-11 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. Oct. 17, 2006)) (internal quotation marks omitted).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions . . . ." *Computer Econ.,* 50 F. Supp. 2d at 983 (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Weeks v. Samsung Heavy*

*Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)); *see also Green,* 219 F.R.D. at 489 (citations omitted).

## II. ANALYSIS

Defendants object to Judge Crawford's order denying additional monetary sanctions on the grounds that "[i]nstead of applying the standard for mandatory sanctions, however, the Magistrate Judge used the standard for terminating sanctions (a much more difficult standard to meet, and a discretionary one) to assess the propriety of monetary sanctions."[1] (Obj., 1:20–23.) They contend that monetary sanctions are mandatory under Federal Rules of Civil Procedure 26(g)(3) and 37(b)(2). (*Id.* at 1:23–2:4.)

The Court overrules Defendants' objections because Judge Crawford's application of the standard for terminating sanctions was harmless error in light of her finding that no discovery orders were violated.

**1. Rule 37(b)(2) Sanctions**

Defendants contend that they are entitled to monetary sanctions pursuant to Rule 37(b)(2)(C). (*Id.* at 2:17–3:14.) Rule 37 provides that:

> (2)(A) If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . .
>
>     . . . .
>
> (2)(C) the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A), (C). Indeed, Defendants' sanctions motion and objections both acknowledge that failure to comply with a court discovery order

---

[1] Defendants agree with Judge Crawford that their request for terminating sanctions was rendered moot by Plaintiff's motion to voluntarily dismiss and do not object to this part of the order. (Obj., 1:15–18.) The Court accepts Judge Crawford's recommendation as to terminating sanctions and **DENIES** Defendants' request for terminating sanctions.

1 triggers mandatory Rule 37 sanctions.  (Mot., ECF No. 171, at 10:8–11 (citing *Worldcom Network Servs., Inc. v. Metro Access, Inc.*, 205 F.R.D. 136, 143 (S.D.N.Y. 2002); Obj., 3:6–14.)

Judge Crawford's order recognized two sources of authority that permit a district court to impose monetary sanctions for discovery abuses.  (Order, 3:15–16).  First, the order cited, and applied, Rule 37(b)(2)(C)'s mandatory trigger.  (*Id.* at 3:16–4:9).  Judge Crawford found that "there is no basis for a finding that plaintiff or any of its employees or representatives failed to comply with discovery orders or engaged in any deceptive practices or willful deceit."  (*Id.* at 4:3–5.)  Judge Crawford applied the proper legal standard and found that Rule 37's mandatory sanctions had not been triggered.  Nor can this Court, after conducting its own review of the record, conclude with "definite and firm conviction" that Judge Crawford's finding that Plaintiff or Courteau failed to comply with a discovery order was clearly erroneous.  At most, Plaintiff's discovery responses demonstrate a weak or unmeritorious claim (made all the more apparent by its voluntary motion to dismiss).  In short, Judge Crawford's order is neither contrary to law or clearly erroneous with respect to Rule 37 sanctions.

Judge Crawford also cited the district court's inherent authority to impose sanctions and applied the five factors outlined in *U.S./Wiltech Guam, Inc. v. Kahaluu Const. Co., Inc.*, to Defendants' monetary sanction request.  (*Id.* 4:10–5:4 (857 F.2d 600 (9th Cir. 1988).)  Any error from applying the *Wiltech* factors is harmless because, as discussed, Judge Crawford properly determined that monetary sanctions were not warranted under the correct Rule 37 standard.

**2. Rule 26(g) Sanctions**

Defendants contend that they are entitled to monetary sanctions pursuant to Rule 26(g)(3). (Obj., 2:17–3:14.)  Under Rule 26(g), if an attorney's certification in a discovery response is inadequate "without substantial justification, the court, on

motion or on its own motion, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). The Court, however, declines to consider Defendant's Rule 26 claim because it was raised for the first time in its objections to Judge Crawford's order. *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.").

Defendants' motion sought monetary sanctions under Rule 37 only. It mentions Rule 26(a) in the context of evidence preclusion, but not Rule 26(g) in the context of monetary sanctions. (Mot., 5:2–7:11.) Defendants' reply brief is similarly devoid of any reference to Rule 26(g) monetary sanctions. (*See* ECF No. 185.)

Defendants' only pre-objection reference to Rule 26(g) appears in the Second Declaration of Sanjay Bhandari ("Second Bhanderi Declaration") (ECF No. 177), which was not filed with Defendants' motion for terminating sanctions. Instead, the Second Bhanderi Declaration was filed separately and in violation of Civil Local Rule 7.1(f)(2), which requires that "copies of all documentary evidence which the movant intends to submit in support of the motion, or other request for ruling by the court, must be served and filed with the motion." S.D. Cal. Civ. R. 7.1(f)(2)(a). In addition, Defendants' "failure to file any papers required under the local rules may be deemed as a waiver of the motion, or other request for ruling by the court." S.D. Cal. Civ. R. 7.1(f)(2)(b).

The Court therefore overrules Defendants' objections because they failed to properly raise their claim for Rule 26(g) sanctions before Judge Crawford.

### III. CONCLUSION

For the reasons set forth above, Defendants' objections (ECF No. 191) are

**OVERRULED** and Judge Crawford's order (ECF No. 189) is **AFFIRMED**. Plaintiff's conditional request for oral argument (ECF No. 204) and request for judicial notice (ECF No. 199-1) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 22, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge