UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATTERSALLS LTD., <br><br>Plaintiff, <br><br>v. <br><br>GERALD WIENER, et al., <br><br>Defendants. | Case No.: 3:17-cv-1125-BTM-KSC <br><br>**ORDER GRANTING MOTION TO STAY** <br><br>**[ECF Nos. 216, 220, 224, 228]** |

Pending before the Court are a cornucopia of motions centered around the Court's sanctions order and judgment (ECF Nos. 210, 211) and Diana L. Corteau's motions for reconsideration. (ECF No. 213.) The Court orders the following.

Federal Rule of Civil Procedure 62(d) provides for a stay of the execution of a final judgment when the moving party posts a supersedeas bond. Fed. R. Civ. P. 62(d). The Court, however, has "inherent discretionary authority in setting supersedeas bonds," *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and may exercise its discretion to "waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc). In light of the potential issues surrounding Ms. Corteau's notice of the sanctions motion against her and the absence of any prejudice, harm, or delay to the

Defendant, the Court waives the supersedeas bond requirement and **GRANTS Ms. Corteau's motion to stay enforcement of the judgment (ECF No. 216).** *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("A district court is vested with the discretion to stay an action based on its inherent power to control its own docket."). Enforcement of the Court's judgment (ECF No. 210) is stayed pending disposition of Ms. Corteau's motion for reconsideration (ECF No. 213).

The Court **DENIES Ms. Corteau's motion to shorten time (ECF No. 220)** as moot.

The Court **GRANTS Ms. Corteau's motion requesting clarification (ECF No. 224).** Ms. Corteau's reply must be filed no later than **December 3, 2020**.

The Court **DENIES Ms. Corteau's motion for a cease and desist order and sanctions (ECF No. 228)**. This order staying enforcement of the sanctions order against her addresses Ms. Corteau's request for a cease and desist order. The Court declines to enter sanctions against the Defendant.

Finally, the Court cautions the parties against abusing the ex parte motion process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (district courts have inherent authority to impose sanctions for "conduct which abuses the judicial process.").

**IT IS SO ORDERED.**

Dated: November 25, 2020

Honorable Barry Ted Moskowitz
United States District Judge